UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J.T. ASSOCIATES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAIRFIELD DEVELOPMENT, L.P., et al.,<br><br>　　　　Defendants. | Case No.  15-cv-04913-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO SEVER AND REMAND**<br><br>[Re: ECF 9, 12] |

Plaintiff, a California citizen, brought this action in state court to sue Fairfield Development, L.P., Fairfield Investment Co., and Fairfield Residential Co. ("Fairfield Defendants"), also California citizens, for property damage and Hartford Casualty Insurance Company ("Hartford"), a citizen of Indiana, for improper denial of insurance coverage. *See* First Amended Compl. ("FAC"), ECF 1-1.  Hartford removed this action to federal court on the basis of diversity, contending that Plaintiff "procedurally misjoined" Fairfield Defendants and that they should therefore be disregarded for purposes of diversity.  *See* Notice of Removal ¶¶ 8-12 , ECF 1.

Hartford now moves to sever Plaintiff's claims against Fairfield Defendants and remand those claims back to state court.  Def.'s Mot., ECF 9.  Plaintiff, in turn, moves to remand the entire case back to state court, arguing that Hartford improperly removed the case and that the Court therefore lacks jurisdiction over it.  Pl.'s Mot., ECF 12.  The Court has considered both motions and, for the reasons set forth below, GRANTS Plaintiff's motion and DENIES Hartford's motion.

**I.    BACKGROUND**

Plaintiff alleges the following.  On or around August 1, 2012, Fairfield Defendants were engaged in construction—excavation, building, and development—on the property directly adjacent to Plaintiff's property. FAC at 4, ECF 1-1. Through this construction, Fairfield

Defendants damaged Plaintiff's property such that Plaintiff lost use of it. *Id.*

Plaintiff then filed a first-party insurance claim with Hartford on the basis of a policy it had with Hartford, which began on or about October 11, 2011 and insures Plaintiff's building for $7,564,400.00. *Id.* at 5. By letter dated September 8, 2014, Plaintiff explained to Hartford why coverage should be extended. *Id.* By letter dated September 23, 2014, Hartford refused to provide coverage. *Id.* Plaintiff sent a second letter, dated September 29, 2014, again explaining why coverage was warranted. *Id.* As of September 11, 2015, Hartford continued to deny coverage. *Id.*

On June 15, 2015, Plaintiff filed suit against Defendants in Santa Clara Superior Court alleging negligence against the Fairfield Defendants and breach of contract and bad faith against Hartford. *See* Notice of Removal ¶ 1. Plaintiff amended its complaint in state court on September 11, 2015. *Id.* Hartford removed this action to federal court on October 26, 2015 pursuant to 28 U.S.C. §§ 1441 and 1332 based on diversity jurisdiction between Plaintiff and Hartford only. *Id* ¶¶ 6-12. Hartford requested that the Court disregard the citizenship of the Fairfield Defendants because they had been procedurally misjoined. *Id* ¶¶ 8-12.

Hartford now moves to sever and remand Plaintiff's claims against Fairfield, ECF 9, while Plaintiff moves to remand the entire action, which it asserts was improperly removed for lack of diversity, back to state court, ECF 12.

## II. LEGAL STANDARD

A defendant may remove a state court action to federal court if the action could have been brought there originally. 28 U.S.C. § 1441(b). Removal may be proper on the basis of complete diversity of citizenship between the plaintiffs and defendants and where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The removing defendant must also obtain consent of all defendants, with the exception of nominal parties, in addition to the requirements of diversity. 28 U.S.C. § 1446(b); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-1233 (9th Cir. 1986). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In considering whether removal was proper, the federal court must strictly construe the removal statute. *See Watson v. Gish*, No. C 10-03770 SBA, 2011 WL 2160924, at *2 (N.D. Cal.

June 1, 2011) (quoting *Luther v. Countrywide Home Loans Servicing, LP,* 533 F.3d 1031, 1034 (9th Cir. 2008)). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *Moore–Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009)). "[A]ny doubts regarding the proprietary of the removal favor remanding a case." *Id.*

## III. DISCUSSION

The parties do not dispute the lack of complete diversity in this case, nor do they dispute the fact that Plaintiff's claims against Fairfield Defendants must be remanded back to state court. What they do dispute is the proper place for Plaintiff's claims against Hartford. Hartford argues that those claims belong before this Court because Plaintiff "procedurally misjoined" Fairfield Defendants. Plaintiff, on the other hand, argues that the entirety of this case belongs in state court because the Court lacks jurisdiction over it.

In seeking to sever and remand the claims against Fairfield Defendants back to state court, Hartford asks this Court to apply the doctrine of "procedural misjoinder," a doctrine developed by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp* and not adopted by the Ninth Circuit.

Under this doctrine, a federal court may exercise jurisdiction over a diverse defendant where that defendant "is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Watson v. Gish*, No. C 10-03770 SBA, 2011 WL 2160924, at *3 (N.D. Cal. June 1, 2011) (citing *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996)). Pursuant to *Tapscott*, the doctrine applies if: (1) one defendant has been misjoined with another defendant in violation of the applicable joinder rules; and (2) the misjoinder is sufficiently egregious to rise to the level of a fraudulent misjoinder. *Tapscott*, 77 F. 3d at 1360. The Eleventh Circuit has explained that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Id*. at 1360.

Under Ninth Circuit law, the doctrine of fraudulent joinder—rather than procedural misjoinder—provides an exception to the diversity requirement. *See Hunter v. Phillip Morris*

3

*USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). "Joinder is fraudulent '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).

While acknowledging that the Ninth Circuit has not adopted the procedural misjoinder doctrine, Hartford offers three district court opinions within the Ninth Circuit—not one of which comes from this district—that have adopted and applied the doctrine. Def.'s Mot. 2-3, ECF 9. *See Sutton v. Davol Inc.*, 251 F.R.D. 500, 504 (E.D. Cal. 2008) (remanding medical malpractice claims against a nondiverse doctor and hospital but retaining jurisdiction over products liability claims against diverse medical device manufacturers and developers); *Greene v. Wyeth*, 344 F. Supp. 2d 674 (D. Nev. 2004) (remanding claims against a non-diverse doctor and sales representatives but retaining jurisdiction over a defendant drug manufacturer and its affiliates); *Anglada v. Bank of Am. Corp.*, No. 3:11-CV-00524-RCJ, 2011 WL 5196710, at *4 (D. Nev. Oct. 27, 2011) (remanding one of the four plaintiffs' claims against a lender that no other plaintiff had challenged). On the basis of these cases, as well as a Fifth Circuit opinion, Hartford urges this Court to sever and remand the claims against the Fairfield Defendants.

Plaintiff argues against the adoption of the procedural misjoinder doctrine[1] because its application here would be inconsistent with the removal statute, 28 U.S.C. § 1441(b), which requires narrow construction and the requirement that any doubts be resolved in favor of remand. Pl.'s Mot. at 7, ECF 12. Plaintiff further argues that Hartford's reliance on the procedural misjoinder doctrine is misguided because the Ninth Circuit has clearly not adopted the doctrine, and, contrary to Hartford's contentions, district courts have not widely applied and accepted it. Pl.'s Opp. at 3, ECF 20. Plaintiff urges the Court to remand the action in its entirety back to state court.

Plaintiff counters Hartford's contention that procedural misjoinder has been widely applied by directing the Court to several decisions in this district that have declined to apply the doctrine.

---

[1] The Court notes that Plaintiff uses the phrase *fraudulent misjoinder* to reference the doctrine. For consistency, the Court uses *procedural misjoinder*.

4

Pl.'s Opp. 3, ECF 20.  *See Jurin v. Transamerica Life Ins. Co.*, No. C 14-02882 LB, 2014 WL 4364901, at *3 (N.D. Cal. Sept. 3, 2014) ("The Ninth Circuit 'has not adopted, approved, nor applied,' the theory of fraudulent misjoinder upon which Transamerica relies.");  *see Lopez v. Pfeffer*, No. 13-CV-03341 NC, 2013 WL 5367723, at *2 (N.D. Cal. Sept. 25, 2013) ("The Ninth Circuit has not adopted the *Tapscott* rationale, nor has any other court in our district adopted the fraudulent misjoinder theory.");  *see Caouette v. Bristol-Myers Squibb Co.*, No. C-12-1814 EMC, 2012 WL 3283858, at *6 (N.D. Cal. Aug. 10, 2012) ("other than the Eleventh and Fifth Circuits, no other circuit court has adopted the fraudulent misjoinder doctrine");  *see also Early*, 2013 WL 3872218, at *2 (C.D. Cal. July 24, 2013) ("the doctrine of procedural or fraudulent misjoinder is a recent and unwarranted expansion of jurisdiction, one which the Court is not inclined to adopt").

Having reviewed the relevant caselaw, the Court agrees with Plaintiff.  "The reasons against the doctrine are many and persuasive."  *Thee Sombrero, Inc. v. Murphy*, No. EDCV15001004VAPSPX, 2015 WL 4399631, at *4 (C.D. Cal. July 17, 2015).  It is well established that § 1441 must be narrowly construed and that any doubts must be resolved in favor of remand.  "Fraudulent misjoinder flips this maxim on its head by making cases removable that by § 1441's plain terms should not be."  *Early v. Northrop Grumman Corp.*, No. 2:13-CV-3130-ODW MRW, 2013 WL 3872218, at *3 (C.D. Cal. July 24, 2013).  Procedural misjoinder would require the Court to sever non-diverse defendants under Federal Rule of Civil Procedure 20, but, Rule 20 "presumes the Court has jurisdiction to act."  *Thee Sombrero*, 2015 WL 4399631, at *4.  "It makes little sense for a court first to sever part of the case under Rule 20, "and only then find it has jurisdiction."  *Id.*

Additionally, courts have recognized the "need for simple and precise jurisdictional rules to spare judges and lawyers from wasted time and resources," and that "enormous judicial confusion" has followed in the ten years since *Tapscott* was decided.  *Id.* at *5 ("confusion is not likely to abate after further development" because determining proper joinder is highly discretionary).  Applying procedural misjoinder here would contravene judicial efficiency.

Thus, Hartford has failed to meet its burden to show that removal was proper.[2] Hartford fails to offer any Ninth Circuit or even Northern District authority in support of its position. Of the district court opinions Hartford does offer, both *Sutton* and *Greene* acknowledge the uncertainty surrounding the applicability of procedural misjoinder in the Ninth Circuit. *See Sutton*, 251 F.R.D. at 504; *see Greene*, 344 F. Supp. 2d at 684-685. "This uncertainty is another reason not to adopt [procedural] misjoinder without proper guidance." *Thee Sombrero*, 2015 WL 4399631, at *4 n.5.

Furthermore, the facts of *Sutton*, *Greene*, and *Anglada* differ too greatly from those at issue here to provide even persuasive authority. For example, *Sutton* considered a complex, multidistrict products liability case that was pending transfer to a multidistrict litigation. The court retained jurisdiction over the diverse defendants in order to "preserv[e] the removing Defendants' right to removal in the remaining multidistrict action and [] preserv[e] the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum." *Sutton*, 251 F.R.D. at 505. Such considerations are not present in this case. And even where they have been present, courts in this district have refused to apply the procedural misjoinder doctrine. *See Lopez v. Pfeffer*, No. 13-CV-03341 NC, 2013 WL 5367723, at *2 (N.D. Cal. Sept. 25, 2013) (declining to apply *Tapscott* and finding lack of subject matter jurisdiction in medical products liability case that was pending transfer to the Judicial Panel on Multidistrict Litigation).

Therefore, it would be "inappropriate to apply the novel theory of fraudulent misjoinder,

---

[2] Hartford makes two additional arguments that the Court finds irrelevant to its analysis: first, that procedural misjoinder should apply because Plaintiff would not suffer prejudice due to severance, Def.'s Mot. 10, ECF 9, and second that Hartford would lose its right to removal in state court due to the voluntary-involuntary rule, Def.'s Mot. 4, ECF 9. The Court finds both arguments unpersuasive. A finding of prejudice to one of the parties is irrelevant and entirely separate from the analysis of subject matter jurisdiction. *See Thee Sombrero*, 2015 WL 4399631, at *5 ("District courts, [] should not expand jurisdictional rules on equitable grounds."). Moreover, it is unclear whether the voluntary-involuntary rule would prevent Hartford from removing its case should the state court sever Plaintiff's claims against it from the rest of the case. Under the rule, only a voluntary act by a plaintiff makes the case removable based on diversity. *Id.* at *5 n.5. However, the applicability of procedural misjoinder is an independent analysis. "The reasons against adopting [procedural] misjoinder stand whether or not the voluntary-involuntary rule precludes removal after severance." *Id.*

1  especially considering the requirement that federal jurisdiction 'must be rejected if there is any
2  doubt as to the right of removal in the first instance.'" *Jurin*, 2014 WL 4364901, * 4 (quoting
3  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)).  Thus, construing removal under § 1441
4  narrowly and resolving any doubts in favor of remand, the Court declines to apply the procedural
5  misjoinder doctrine.  The Court therefore finds that removal was improper and that the Court lacks
6  subject matter jurisdiction over this case.[3]

7  Accordingly, the Court GRANTS Plaintiff's motion to remand the action back to state
8  court and DENIES Hartford's motion to sever and remand Plaintiff's claims as to Fairfield.

9  **IT IS SO ORDERED.**

11  Dated: March 31, 2016

12  _____
   BETH LABSON FREEMAN
13  United States District Judge

---

[3] The parties devote a substantial amount of briefing to what the outcome would be if the Court chose to apply procedural misjoinder.  Though the Court need not reach this issue, it finds that, even if it chose to adopt the Eleventh Circuit's doctrine, it would not alter the outcome on these motions. Hartford argues that Plaintiff has impermissibly attempted to join claims against Hartford with separate and discrete claims against unrelated non-diverse defendants because the claims neither arise out of the same transaction or occurrence nor do they involve common questions of law or fact.  Def.'s Mot. 9, ECF 9.  Plaintiff argues that the common fact between all Defendants is determination of the cause of damage to Plaintiff's building.  Pl.'s Opp. 6, ECF 20.

The Court agrees with Plaintiff. Hartford ignores the likelihood that review of its grounds for denial of coverage will be impacted by a finding of what caused damage to Plaintiff's building, which is also central to Plaintiff's claims against Fairfield.  Hartford also claims the denial of insurance occurred two years after the alleged damage, constituting a separate occurrence. However, Plaintiff alleges it submitted the insurance claim in October 2011 and Hartford denied the coverage for the damage in May 15, 2014.  Pl.'s Opp. 2, ECF 20.  Hartford misconstrues the timeline and the dates are not suggestive of separate transactions or occurrences.  Thus, even if the Court applied procedural misjoinder here, Hartford would not prevail.